IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ROY DAVIS, VONCILE DAVIS, DAVID DAVIS, MELISSA SUZANNE TERRELL, CINDY DENISE TAYLOR, STRICKLAND & DAVIS INTERNATIONAL DISC CORPORATION, NATIVE AMERICAN DEVELOPMENT LLC, ) ) ) ) ) ) ) ) | |
| Appellants, ) | |
| v. ) | Case No. 5:11-mc-3483-KOB |
| ) | |
| TAZEWELL T. SHEPARD, TRUSTEE ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION

This matter comes before the court on Appellants' motion for leave to appeal (Doc. 1-1) two orders of the United States Bankruptcy Court for the Northern District of Alabama in *In re Strickland & Davis International, Inc.*, Case No. 08-80266-JAC-7: (1) an August 16, 2011 order granting the Trustee's motion to compel turnover of property of the estate (Doc. 1-3), and (2) an August 29, 2011 order denying Appellants' motion to alter, amend, or partially vacate the August 16 order (Doc. 1-4).

Also before the court are (1) a pro se motion filed by Appellant Roy Davis purportedly on behalf of himself and individual Appellants Voncile Davis, David Davis, Melissa Suzanne Terrell, and Cindy Denise Taylor (collectively, "Davis Defendants") to stay the proceedings for 60 days while they retain new counsel (Doc. 2), (2) Appellants' counsel's motion to withdraw (Doc. 3), and (3) a "notice," which the court will construe as a motion, filed by A.M. Samara,

1

Strickland & Davis International, Inc.'s only creditor in the bankruptcy proceeding, to be joined as a necessary party to the proceeding (Doc. 8).

For the reasons set forth below, the court finds that this appeal is MOOT, and the motion for leave to appeal is DISMISSED.  The pro se motion for a 60-day stay, the motion to join an indispensable party, and the motion to withdraw as counsel are DISMISSED as MOOT.

## I.  BACKGROUND

On January 29, 2008, Strickland & Davis International, Inc., a corporation, filed a voluntary Chapter 7 bankruptcy petition, which resulted in the bankruptcy case that is the subject of the instant appeal, Case No. 08-80266-JAC-7 ("Bankruptcy Court Case").

Strickland & Davis, Native American Development, LLC, and the individual Appellants are also defendants in *Samara Consultant Group, et al. V. S & Davis International, Inc., et al.*, Case No. 4:02-CV-0707-RDP ("District Court Case").[1]  The original plaintiffs in the District Court Case were A.M. Samara ("Samara") and Samara Consultant Group.[2]

The District Court Case arose out of a breach of contract action between Strickland & Davis and the Republic of Yemen, which was arbitrated and ultimately settled by Strickland & Davis allegedly without the consent of Strickland & Davis' joint venture partner, Samara.  *See* District Court Case, Doc. 479, at 8-9.  According to Samara, it did not receive an adequate portion of the settlement and filed suit in the district court to recover its share of the settlement

---

[1]  Strickland & Davis International, Inc. and S & Davis International, Inc. are the same entity. Judgments entered in the District Court Case refer to this entity as "Strickland & Davis International, Inc. d/b/a S & Davis International, Inc."  *See, e.g.*, District Court Case, Docs. 146, 204.  Strickland & Davis International, Inc. is not an Appellant in this case.

[2]  Samara Consultant Group was terminated as a party before judgment was entered in the case. *See* District Court Case, Docket Entry, April 20, 2004.

proceeds on March 19, 2002. *Id.* at 9. On April 21, 2004, a jury returned a verdict in favor of Samara in the amount of $1,075,851.27. *Id.* In accordance with that verdict, the district court entered judgment in favor of Samara and against Strickland & Davis in that amount pending further issues of interest. District Court Case, Doc. 146.

On September 7, 2004, the district court entered a Rule 54(b) Final Judgment on the jury's verdict, which included pre-judgment interest. District Court Case, Doc. 204. On November 17, 2004, the district court reduced the amount of pre-judgment interest previously awarded and imposed a constructive trust on monies or assets in the possession of Strickland & Davis and Strickland & Davis International DISC Corporation ("DISC")[3] in the amount of $1,258,747.57 in favor of A.M. Samara. District Court Case, Doc. 213. The court also imposed a constructive trust on settlement monies and proceeds in the possession of Roy Davis individually for the same amount. *Id.*

Following a motion to alter or amend the judgment, on December 6, 2004, the district court ordered Roy Davis to pay $250,000 into the registry of the district court within 10 days of the order and the remainder of the judgment into the registry within 30 days of the order. District Court Case, Doc. 216. Roy Davis paid $250,000 into the court registry on December 20, 2004, District Court Case, Doc. 217, and Roy Davis and DISC appealed the November 17, 2004 judgment as amended. District Court Case, Doc. 218.

The December 6, 2004 order also stated that upon payment into the court's registry of the judgment amount plus 10 percent of the judgment, execution on the judgment would be

---

[3] Strickland & Davis and Strickland & Davis DISC Corporation are two separate legal entities.

3

automatically stayed pending the outcome of the appeal. District Court Case, Doc. 216. Roy Davis and his wife Voncile Davis conveyed a mortgage worth approximately $1,500,000 to the district court in lieu of cash, which stayed the execution of the judgment and the district court proceedings. District Court Case, Doc. 300.

On January 29, 2007, the Court of Appeals vacated the judgment imposing a constructive trust on the monies or assets of Roy Davis and DISC and remanded the case for further proceedings. District Court Case, Doc. 314. The circuit court did not set aside the judgment against Strickland & Davis, however, and it remained in place. District Court Case, Doc. 435, at 29. Extensive proceedings that do not have a direct bearing on this appeal were held in the district court following remand. *See generally* District Court Case, Doc. 435 and 479.

Strickland & Davis filed its Chapter 7 petition in January 2008. On January 22 and 28, 2009, the bankruptcy court and district court, respectively, entered orders stating that the two courts had concurrent jurisdiction over the claims in the case. Bankruptcy Court Case, Doc. 45; District Court Case, Doc. 413. The Chapter 7 Trustee, Tazewell Shepard, was added as a plaintiff in the District Court Case in an amended complaint filed on January 28, 2009. District Court Case, Doc. 414. On November 17, 2010, the district court granted summary judgment against the Davis Defendants in favor of the Trustee and referred the case to the bankruptcy court for further proceedings. District Court Case, Doc. 480. Subsequently, in response to an order of the bankruptcy court, the district court ordered the Clerk of the District Court to disburse the funds held in the registry and assign the mortgage held by the district court to the Trustee. District Court Case, Docs. 499 and 501. Roy Davis filed an untimely notice of appeal

4

of the summary judgment order on January 5, 2011, and the Court of Appeals granted Samara's motion to dismiss the appeal as untimely on June 13, 2011.  District Court Case, Doc. 496.

Following the Eleventh Circuit's order disposing of the appeal, the Trustee filed a motion to compel turnover of property of the estate pursuant to 11 U.S.C. § 543, asking that the bankruptcy court order the Clerk of the District Court to disburse the funds in the registry and assign the mortgage to the Trustee.  Bankruptcy Court Case, Doc. 73.  The bankruptcy court granted the motion on August 16, 2011 and ordered the Clerk of the District Court to (1) disburse the registry funds to the Trustee, and (2) transfer and assign the mortgage to the Trustee if the Eleventh Circuit denied the Davis Defendants' motion for reconsideration.  Bankruptcy Court Case, Doc. 85 ("August 16th order").  The Davis Defendants filed a motion to alter, amend, or partially vacate the August 16th order, requesting that the mortgage not be transferred until after the Davis Defendants exhausted their appeal rights to the U.S. Supreme Court and that the Trustee hold the registry funds pending further order of the bankruptcy court.  Bankruptcy Court Case, Doc. 87.  On August 29, 2011, the bankruptcy court denied the Davis Defendants' motion to alter, amend, or partially vacate the August 16th order.  Bankruptcy Court Case, Doc. 88 ("August 29th order").

On September 15, 2011, the district court entered an order directing the Clerk of the District Court to disburse the registry funds to the Trustee, to be held by the Trustee pending further order of the bankruptcy court.  District Court Case, Doc. 499.  After the Court of Appeals denied the Davis Defendants' motion to reconsider on September 28, 2011, on November 2, 2011, the district court also entered an order directing the Clerk to assign the mortgage executed

5

in favor of the district court to the Trustee, to be held by the Trustee pending further order of the bankruptcy court.  District Court Case, Doc. 500-2, 501.

The Appellants filed a motion for leave to appeal the bankruptcy court's August 16th and August 29th orders, which was docketed in this court on September 27, 2011.[4]  Doc. 1.  No opposition to the motion for leave to appeal was transmitted with the Appellants' motion.  *See* Fed. R. Bankr. P. 8003 (an adverse party may file an answer in opposition to a motion for leave to appeal, which shall be transferred to the clerk of the district court).

On November 2, 2011, Roy Davis, purporting to act for all of the Appellants, filed a pro se motion to stay proceedings in this court for 60 days because Appellants had "discharged their counsel" and needed time to consult new counsel.  Doc. 2.  On November 7, 2011, Appellants' counsel moved for leave to withdraw.  Doc. 3.  On May 16, 2012, Samara filed a "notice," which the court will construe as a motion, stating that, as Strickland & Davis' only creditor, it is an "appropriate and necessary party as Appellee/Defendant" in the case.  Doc. 8.

On March 20, 2012, the Trustee filed his Final Report with the bankruptcy court, which stated that he had realized $273,467.50 in gross receipts from the funds paid to him by the district court and planned to disburse $187,585.07 to Samara, Strickland & Davis' only creditor, after paying administrative expenses.  Bankruptcy Court Case, Doc. 138.  The Report also noted that the Trustee would transfer and assign the mortgage to Samara, which would be responsible for collecting against the assets, accounting for its claim, and returning any surplus to the debtor.  *Id.*

---

[4]  This matter was initially referred to a senior judge.  Because of his illness and ultimately taking of inactive senior status, the case was reassigned to this judge.

On April 30, 2012, Roy Davis, purporting to act on behalf of himself and Strickland & Davis, filed a pro se motion in the bankruptcy court to "stay any and all proceedings of this court and or the bankruptcy trustee" because "there are pending appealable issues" before the Eleventh Circuit in the District Court Case. Bankruptcy Court Case, Doc. 145. The motion for stay did not mention the appeal of the August 16th or August 29th orders in this court. The bankruptcy court denied the motion to stay on April 30, 2012, Bankruptcy Court Case, Doc. 146, and approved the Trustee's Final Report on May 1, 2012. Bankruptcy Court Case, Doc. 148.[5]

The Trustee distributed the $187,585.07 to Samara in accordance with his Final Report on May 17, 2012 and transferred the mortgage to Samara. Samara subsequently foreclosed on the mortgaged property, although it is not clear from the record before the court whether the property has been sold to a third party. *See* District Court Case, Doc. 555.

## II. DISCUSSION

**A. Finality**

As a threshold matter in deciding the motion for leave to appeal, the court must address whether the bankruptcy court's August 16th and August 29th orders are final orders that are appealable without leave of court. The district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy courts under 28 U.S.C. § 158(a)(1). Final orders are generally "those that end litigation on the merits and 'leave nothing for the court to do but execute the judgment.'" *United States v. Hillsborough Holdings Corp.* (*In re*

---

[5] Pro se Appellants Roy Davis, Voncile Davis, Melissa Terrell, and Cindy Taylor filed notices of appeal of the bankruptcy court's order approving the Final Report on May 29, 2012. *See* Case No. 5:12-mc-02201-KOB, Doc. 1.

7

*Hillsborough Holdings Corp.*), 116 F.3d 1391, 1393 (11th Cir. 1997) (internal quotations and citation omitted).

The concept of finality is more flexible in the bankruptcy context because "[d]elayed review of any particular claim, especially claims involving key assets of the debtor's estate, would render any distribution or plan purely contingent until completion of appeals after conclusion of the case," which would frustrate the bankruptcy process. *Martin Bros. Toolmakers, Inc. v. Indus. Bd. of the City of Huntsville* (*In re Martin Bros. Toolmakers, Inc.*), 796 F.2d 1435, 1437 (11th Cir. 1986); *see also Hillsborough Holdings Corp.*, 116 F.3d at 1393; *Charter Co. v. Prudential Ins. Co. of Am.* (*In re Charter Co.*), 778 F.2d 617, 621 (11th Cir. 1985). Thus, in bankruptcy, a final order is not limited to an order that concludes the bankruptcy case as a whole. *Martin Bros.*, 796 F.2d at 1437. Instead, "it is generally the particular adversary proceeding or controversy that must have been finally resolved, rather than the entire bankruptcy litigation." *Charter*, 778 F.2d at 621; *see also Martin Bros.*, 796 F.2d at 1437 ("any order within a bankruptcy case which concludes a particular adversary proceeding should be deemed final and reviewable"). There must be "nothing more for the bankruptcy court to do" with respect to a particular controversy. *Charter*, 778 F.2d at 621.

Although the Eleventh Circuit has not addressed the question, courts that have considered the issue have unanimously held that a bankruptcy court order granting a trustee's motion for turnover of property is a final, appealable order. *See, e.g.*, *Professional Ins. Mgmt. v. Ohio Casualty Group of Ins. Cos. (In re Professional Ins. Mgmt.)*, 285 F.3d 268, 281 (3d Cir. 2002); *Smith v. Revie* (In *re Moody*), 817 F.2d 365, 368 (5th Cir. 1987); *Cash Currency Exchange, Inc. v. Shine* (*In re Cash Currency Exchange, Inc.*), 762 F.2d 542, 546 (7th Cir. 1985); *In re*

8

*Wengerd*, 453 B.R. 243, 245 (B.A.P. 6th Cir. 2011). Based on this persuasive precedent and given that the turnover order at issue here finally resolved the issue of whether the Trustee was entitled to turnover of the registry funds and the mortgage and left nothing more for the bankruptcy court to do with respect to the turnover of the property, this court holds that the turnover order is final and appealable as of right.

Applying the same standard, the bankruptcy court's order denying Appellants' motion to alter, amend, or partially vacate a turnover order is also a final, appealable order. *See Rodriguez v. Murphy*, 13-23363-CIV, 2014 WL 1414424, at *2 (S.D. Fla. Apr. 11, 2014) ("An order that grants or denies reconsideration of an otherwise final order is itself a final, appealable order.").

**B. Mootness**

Next, the court turns to whether this appeal is moot given that the Trustee has already disposed of the property at issue in the turnover order by (1) transferring the mortgage to Samara, which subsequently foreclosed on the property, and (2) disbursing the registry funds to Samara.

### 1. Mootness Due to Foreclosure

The Eleventh Circuit has repeatedly held that "where a debtor fails to obtain a stay pending appeal of an adverse bankruptcy court order and the creditor subsequently conducts a foreclosure sale, the [district] court . . . is powerless to grant relief, and the appeal must be dismissed as moot." *Hope v. Gen. Fin. Corp. of Ga.* (*In re Kahihikolo*), 807 F.2d 1540, 1542 (11th Cir. 1987); *see also Miami Ctr. Ltd. P'ship v. Bank of New York*, 838 F.2d 1547, 1553 (11th Cir. 1988) ("'when the debtor fails to obtain a stay pending appeal of the bankruptcy court's order setting aside an automatic stay and allowing a creditor to foreclose on property, the

9

subsequent foreclosure and sale of the property renders moot any appeal'") (quoting *Gwinnett Bank & Trust Co. v. Matos* (*In re Matos*), 790 F.2d 864, 865-66 (11th Cir. 1986)).[6]

This mootness rule is "'premised upon considerations of finality, protection of the integrity of the foreclosure sale process, and the court's inability to rescind the sale and grant relief on appeal even if the purchaser of the property is a party to the appeal.'" *Miami Ctr.*, 838 F.2d at 1553-54 (quoting *Matos*, 790 F.2d at 865-66).

The debtor "fails to obtain a stay" for purposes of the mootness rule when the debtor's motion for stay pending appeal is denied. *See, e.g.*, *Sewanee Land, Coal & Cattle, Inc. v. Lamb* (*In re Sewanee Land, Coal & Cattle, Inc.*), 735 F.2d 1294, 1295 (11th Cir. 1984); *Boutwell v. AmSouth Bank* (*In re Boutwell*), CIV.A. 03-0355-WS-C, 2003 WL 25629875, at *2 (S.D. Ala. Dec. 15, 2003).

Further, the Eleventh Circuit has recognized the continued applicability of the mootness standard even in situations that do not involve (1) transfers by a trustee pursuant to 11 U.S.C. §

---

[6] This mootness doctrine originated in former Rule 805 of the Bankruptcy Code, which stated that unless an order approving a sale or issuing a certificate of indebtedness was stayed pending appeal, a good faith purchaser's rights would not be affected by a reversal or modification of the order on appeal. *See Miami Ctr.*, 838 F.2d at 1550. Although the rule has been removed from the Code, the doctrine has continued to survive and evolve in the case law. *See id.* A similar provision also appears in 11 U.S.C. § 363(m) of the Bankruptcy Code, although the Eleventh Circuit has specifically stated that this mootness doctrine is not limited to the transactions covered by that subsection. *Id.* at 1553-54.

10

363(b) or (c)[7] or (2) sales to third party purchasers (i.e., the mortgagor/creditor owns the property). *Miami Ctr.*, 838 F.2d at 1553-54.

The bankruptcy court's August 16th turnover order and August 29th order denying the motion to amend allowed the Trustee to transfer and assign the mortgage to Samara upon the Eleventh Circuit's denial of the Davis Defendants' motion for reconsideration because the debtor failed to obtain a stay of the turnover pending appeal of the bankruptcy court's orders in either this court or the bankruptcy court. Roy Davis did file a pro se motion, purportedly on behalf of himself and Strickland & Davis, in the bankruptcy court to stay the entire bankruptcy proceeding based on issues he was appealing in the District Court Case. However, Davis is not a licensed attorney and may not represent a corporate debtor. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). But even if the motion for stay had been validly filed on behalf of the debtor, the bankruptcy court denied it, which means the debtor failed to obtain a stay.[8] *See Sewanee Land, Coal & Cattle, Inc.*, 735 F.2d at 1295; *In re Boutwell*, 2003 WL 25629875, at *2.

---

[7] Subsection (b) generally allows the trustee, after notice and a hearing, to use, sell, or lease property of the estate, other than in the ordinary course of business. Subsection (c) provides that "[i]f the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or hearing, and may use property of the estate in the ordinary course of business without notice or a hearing."

[8] The order denying the stay was subsequently appealed, but that appeal has been dismissed for lack of jurisdiction because the appellants in that case did not file timely notices of appeal and lacked standing to pursue the appeal. *See* Case No. 5:12-mc-2201-KOB.

Because no stay pending appeal was in place, once Samara became the mortgage holder, it was free to foreclose and sell the property as it saw fit, just as if the bankruptcy court had modified the automatic stay to allow for foreclosure and sale. *See Miami Ctr.*, 838 F.2d at 1553-54 (recognizing the applicability of the mootness doctrine in situations other than those involving a transfer by a trustee). Moreover, it does not matter for purposes of this mootness analysis whether Samara sold the property to a third part or bought the property itself. *See Miami Ctr.*, 838 F.2d at 1553-54 (rejecting the argument that the mootness rule has no applicability when there is no transfer to a third party).

Based on the relevant Eleventh Circuit precedent and considerations of finality, this court cannot disturb the transfer to Samara by the Trustee and Samara's subsequent foreclosure. The motion for leave to appeal, therefore, must be dismissed as moot with respect to the mortgage.

**2. Equitable Mootness**

The court must also analyze whether the appeal of the turnover orders is equitably moot.[9] Equitable mootness, a concept primarily applied in the bankruptcy context, "is 'a pragmatic principle grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable.'" *AVCO Corp. v. Citation Corp.* (*In re Citation Corp.*), 371 B.R. 518, 522 (N.D. Ala. 2007) (quoting *MAC Panel Co. v. Va. Panel Corp.*, 283 F.3d 622, 625 (4th Cir.

---

[9] This appeal, at least with respect to the turnover of the funds, is not moot under an Article III analysis because this court could theoretically fashion some form of meaningful relief if Samara were joined as a party to the appeal, as it has indicated it is willing to be. *See Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (even where "a court may not be able to return the parties to the *status quo ante,*" an appeal is not [constitutionally] moot where "a court can fashion *some* form of meaningful relief") (emphasis in original); *United States v. Arkison* (*In re Cascade Roads, Inc.*), 34 F.3d 756, 760 (9th Cir. 1994) (case not moot where party to appeal could be ordered to repay).

12

2002)). To decide whether an appeal is equitably moot, a court "must determine whether the 'reorganization plan has been so substantially consummated that effective relief is no longer available.'" *First Union Realty Estate Equity & Mortgage Investments* (*In re Club Associates*), 956 F.2d 1065, 1069 (11th Cir. 1992) (quoting *Miami Center Ltd. Partnership v. Bank of New York*, 820 F.2d 376, 379 (11th Cir. 1987)).

Substantial consummation by itself is not dispositive, however, and a court must consider all relevant circumstances to decide whether it can grant effective relief, including whether a stay pending appeal has been obtained, what type of relief the appellant seeks, and what effect granting that relief would have on third parties not before the court. *In re Club Associates*, 956 F.2d at 1069. The court is charged with "striking the proper balance between the equitable considerations of finality and good faith reliance on a judgment and the competing interests that underlie the right of a party to seek review of a bankruptcy court order adversely affecting him." *Id.*

Although the equitable mootness doctrine is most commonly applied in Chapter 11 cases, courts have also applied it in Chapter 7 cases where the trustee has already disbursed funds to creditors. *See, e.g., Pequeno v. Schmidt* (*In re Pequeno*), 246 F. App'x 274, 275 (5th Cir. 2007); *Drawbridge Special Opportunities Fund, L.P. v. Shawnee Hills, Inc.* (*In re Shawnee Hills, Inc.*), 125 F. App'x 466, 470 (4th Cir. 2005); *Carr v. King* (*In re Carr*), 321 B.R. 702, 708 (E.D. Va. 2005); *E. Co. v. Whirlpool Corp.* (*In re E. Co.*), 148 B.R. 367, 369 (D. Mass. 1992). As the court recognized in *Eastern Company*, the equitable mootness doctrine is based on "important public policy favoring orderly organization and settlement of debtor estates by affording finality

to the judgments of the bankruptcy court," a principle that is just as relevant in a Chapter 7 as it is in a Chapter 11.[10]  148 B.R. at 369 (internal quotations and citations omitted).

In this case, the bankruptcy court denied Roy Davis' motion to stay, which did not ask for a stay pending the outcome of *this* appeal and was only effectively filed on his own behalf, and none of the Appellants moved for a stay pending appeal in this court.  The Trustee's approved distribution plan in the bankruptcy case has not only been substantially consummated – it has been fully completed.  *See Carr*, 321 B.R. at 708.  All of the Trustee's planned transfers and distributions were made more than two years ago.

Any relief the Appellants could receive in this appeal would have the effect of frustrating the orderly Chapter 7 liquidation process in this case and in future similar cases.  Joining Samara as a party to this appeal and requiring it to return the funds and the mortgage it has already foreclosed would force it to pay back funds that were probably spent long ago based upon its reliance on the bankruptcy court's orders.[11]  *See id.*; *Shawnee Hills*, 125 F. Appx at 470.  Permitting such relief would undermine creditor confidence in the finality of bankruptcy court orders and the general Bankruptcy Code goal of minimizing injury to creditors.  *LTV Steel Co. v. Bricker* (*In re LTV Steel Co.*), 560 F.2d 449, 454 (6th Cir. 2009).  The only alternative relief Appellants could seek – recovering from the Trustee – would result in further litigation because

---

[10]  Although some courts have questioned the applicability of equitable mootness in the Chapter 7 context, *see In re C.W. Mining Co.*, 641 F.3d 1235, 1239-40 (10th Cir. 2011), the court could find no decisions actually holding that it should not be applied in a Chapter 7.

[11]  The court also notes that the property at issue in the turnover orders was originally awarded to Samara in the District Court Case almost ten years ago, in 2004, and Appellants' multiple appeals challenging various aspects of these awards have been unsuccessful.

14

the Trustee would have to recover the property from Samara. It would also have the effect of dissuading trustees from distributing funds while appeals are pending even if no stay has been obtained, a result that is diametrically opposed to the goals of Chapter 7. *See Carr*, 321 B.R. at 708.

Based on the relevant precedent and given the comprehensive change in circumstances that has occurred since the bankruptcy court issued its turnover orders, this court finds that it would be impractical, imprudent, and inequitable to reverse the bankruptcy court's August 16th and August 29th orders, and this appeal, therefore, is equitably moot. The motion for leave to appeal is due to be dismissed.

### III. CONCLUSION

For the above reasons, this appeal is MOOT, and the motion for leave to appeal (Doc. 1) is due to be DISMISSED. Given the court's disposition of the motion for leave to appeal, the pro se motion for a 60-day stay of proceedings (Doc. 2), the "notice" filed by Samara, which this court has construed as a motion to join a necessary party (Doc. 8), and the motion to withdraw as counsel are all DISMISSED as MOOT. The court will enter an order consistent with this memorandum opinion.

DONE and ORDERED this 18th day of June, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE