FILED
2014 Jun-18 AM 11:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| STRICKLAND & DAVIS INTERNATIONAL, INC., ROY DAVIS, VONCILE DAVIS, CINDY TAYLOR, MELISSA TERRELL, <br><br> Appellants, <br><br> v. <br><br> TAZEWELL T. SHEPARD, TRUSTEE <br><br> Appellee. | Case No. 5:12-mc-2201-KOB |

## MEMORANDUM OPINION

This matter comes before the court on Appellants' pro se motions for leave to appeal (Doc. 1-6, 1-8) two orders of the United States Bankruptcy Court for the Northern District of Alabama in *In re Strickland & Davis International, Inc.*, Case No. 08-80266-JAC-7: (1) an April 30, 2012 order denying Roy Davis' motion for a stay (Doc. 1-2), and (2) a May 1, 2012 order approving the Trustee's Final Report (Doc. 1-4).

For the reasons set forth below, the court finds that it lacks jurisdiction over this appeal, and the motions for leave to appeal are DISMISSED.

### I. BACKGROUND

On January 29, 2008, Strickland & Davis International, Inc., a corporation, filed a voluntary Chapter 7 bankruptcy petition, which resulted in the bankruptcy case that is the subject of the instant appeal, Case No. 08-80266-JAC-7 ("Bankruptcy Court Case").

Strickland & Davis, Native American Development, LLC, and the individual Appellants are also defendants in *Samara Consultant Group, et al. V. S & Davis International, Inc., et al.*,

1

Case No. 4:02-CV-0707-RDP ("District Court Case").[1] The original plaintiffs in the District Court Case were A.M. Samara ("Samara") and Samara Consultant Group.[2]

The District Court Case arose out of a breach of contract action between Strickland & Davis and the Republic of Yemen, which was arbitrated and ultimately settled by Strickland & Davis allegedly without the consent of Strickland & Davis' joint venture partner, Samara. *See* District Court Case, Doc. 479, at 8-9. According to Samara, it did not receive an adequate portion of the settlement and filed suit in the district court to recover its share of the settlement proceeds on March 19, 2002. *Id.* at 9. On April 21, 2004, a jury returned a verdict in favor of Samara in the amount of $1,075,851.27. *Id.* In accordance with that verdict, the district court entered judgment in favor of Samara and against Strickland & Davis in that amount pending further issues of interest. District Court Case, Doc. 146.

On September 7, 2004, the district court entered a Rule 54(b) Final Judgment on the jury's verdict, which included pre-judgment interest. District Court Case, Doc. 204. On November 17, 2004, the district court reduced the amount of pre-judgment interest previously awarded and imposed a constructive trust on monies or assets in the possession of Strickland & Davis and Strickland & Davis International DISC Corporation ("DISC")[3] in the amount of $1,258,747.57 in favor of A.M. Samara. District Court Case, Doc. 213. The court also imposed

---

[1] Strickland & Davis International, Inc. and S & Davis International, Inc. are the same entity. Judgments entered in the District Court Case refer to this entity as "Strickland & Davis International, Inc. d/b/a S & Davis International, Inc." *See, e.g.*, District Court Case, Docs. 146, 204.

[2] Samara Consultant Group was terminated as a party before judgment was entered in the case. *See* District Court Case, Docket Entry, April 20, 2004.

[3] Strickland & Davis and Strickland & Davis DISC Corporation are two separate legal entities.

a constructive trust on settlement monies and proceeds in the possession of Roy Davis individually for the same amount.  *Id.*

Following a motion to alter or amend the judgment, on December 6, 2004, the district court ordered Roy Davis to pay $250,000 into the registry of the district court within 10 days of the order and the remainder of the judgment into the registry within 30 days of the order. District Court Case, Doc. 216.  Roy Davis paid $250,000 into the court registry on December 20, 2004, District Court Case, Doc. 217, and Roy Davis and DISC appealed the November 17, 2004 judgment as amended.  District Court Case, Doc. 218.

The December 6, 2004 order also stated that upon payment into the court's registry of the judgment amount plus 10 percent of the judgment, execution on the judgment would be automatically stayed pending the outcome of the appeal.  District Court Case, Doc. 216.  Roy Davis and his wife Voncile Davis conveyed a mortgage worth approximately $1,500,000 to the district court in lieu of cash, which stayed the execution of the judgment and the district court proceedings.  District Court Case, Doc. 300.

On January 29, 2007, the Court of Appeals vacated the judgment imposing a constructive trust on the monies or assets of Roy Davis and DISC and remanded the case for further proceedings.  District Court Case, Doc. 314.  The circuit court did not set aside the judgment against Strickland & Davis, however, and it remained in place.  District Court Case, Doc. 435, at 29.  Extensive proceedings that do not have a direct bearing on this appeal were held in the district court following remand.  *See generally* District Court Case, Doc. 435 and 479.

Strickland & Davis filed its Chapter 7 petition in January 2008.  On January 22 and 28, 2009, the bankruptcy court and district court, respectively, entered orders stating that the two

3

courts had concurrent jurisdiction over the claims in the case. Bankruptcy Court Case, Doc. 45; District Court Case, Doc. 413. The Chapter 7 Trustee, Tazewell Shepard, was added as a plaintiff in the District Court Case in an amended complaint filed on January 28, 2009. District Court Case, Doc. 414. On November 17, 2010, the district court granted summary judgment against the Davis Defendants in favor of the Trustee and referred the case to the bankruptcy court for further proceedings. District Court Case, Doc. 480. Subsequently, in response to an order of the bankruptcy court, the district court ordered the Clerk of the District Court to disburse the funds held in the registry and assign the mortgage held by the district court to the Trustee. District Court Case, Docs. 499 and 501. Roy Davis filed an untimely notice of appeal of the summary judgment order on January 5, 2011, and the Court of Appeals granted Samara's motion to dismiss the appeal as untimely on June 13, 2011. District Court Case, Doc. 496.

Following the Eleventh Circuit's order disposing of the appeal, the Trustee filed a motion to compel turnover of property of the estate pursuant to 11 U.S.C. § 543, asking that the bankruptcy court order the Clerk of the District Court to disburse the funds in the registry and assign the mortgage to the Trustee. Bankruptcy Court Case, Doc. 73. The bankruptcy court granted the motion on August 16, 2011 and ordered the Clerk of the District Court to (1) disburse the registry funds to the Trustee, and (2) transfer and assign the mortgage to the Trustee if the Eleventh Circuit denied the Davis Defendants' motion for reconsideration. Bankruptcy Court Case, Doc. 85. The Davis Defendants filed a motion to alter, amend, or partially vacate the August 16th order, requesting that the mortgage not be transferred until after the Davis Defendants exhausted their appeal rights to the U.S. Supreme Court and that the Trustee hold the registry funds pending further order of the bankruptcy court. Bankruptcy Court Case, Doc. 87.

On August 29, 2011, the bankruptcy court denied the Davis Defendants' motion to alter, amend, or partially vacate the August 16th order.4  Bankruptcy Court Case, Doc. 88.

On September 15, 2011, the district court entered an order directing the Clerk of the District Court to disburse the registry funds to the Trustee, to be held by the Trustee pending further order of the bankruptcy court.  District Court Case, Doc. 499.  After the Court of Appeals denied the Davis Defendants' motion to reconsider on September 28, 2011, on November 2, 2011, the district court also entered an order directing the Clerk to assign the mortgage executed in favor of the district court to the Trustee, to be held by the Trustee pending further order of the bankruptcy court.  District Court Case, Doc. 500-2, 501.

On March 20, 2012, the Trustee filed his Final Report with the bankruptcy court, which stated that he had realized $273,467.50 in gross receipts from the funds paid to him by the district court and planned to disburse $187,585.07 to Samara, Strickland & Davis' only creditor, after paying administrative expenses.  Bankruptcy Court Case, Doc. 138.  The Report also noted that the Trustee would transfer and assign the mortgage to Samara, which would be responsible for collecting against the assets, accounting for its claim, and returning any surplus to the debtor. *Id.*

On April 30, 2012, Roy Davis, purporting to act on behalf of himself and Strickland & Davis, filed a pro se motion in the bankruptcy court to "stay any and all proceedings of this court and or the bankruptcy trustee" because "there are pending appealable issues" before the Eleventh

---

4  The Appellants filed a motion for leave to appeal the bankruptcy court's August 16th and August 29th orders, which was docketed in this court on September 27, 2011 as Case No. 5:11-mc-3483-JFG.

5

Circuit in the District Court Case.  Bankruptcy Court Case, Doc. 145.  The bankruptcy court denied the motion to stay the same day.  Bankruptcy Court Case, Doc. 146.

On May 1, 2012, the bankruptcy court approved the Trustee's Final Report and authorized the Trustee to "transfer, assign and covey all rights, title and interest the Estate has under the mortgage and judgment referenced in the Final Report, and disburse the balance of funds on hand after payment of all administrative costs and expenses in this case to Samara, as the Estate's only creditor."  Bankruptcy Court Case, Doc. 148.

Appellant Roy Davis filed a pro se motion for leave to appeal on May 10, 2012 purportedly on behalf of himself and Strickland & Davis.  Bankruptcy Court Case, Doc. 156. Davis was notified of filing deficiencies with the motion for leave to appeal on May 11, 2012 and instructed to cure the deficiencies and file the appropriate form notice of appeal by May 25, 2012, fourteen days from the date of the order.  *See* Bankruptcy Court Case, Doc. 157. Davis and the other Appellants subsequently filed notices of appeal on May 29, 2012.  Bankruptcy Court Case, Doc. 159.[5]

The Trustee distributed the $187,585.07 to Samara in accordance with his Final Report on May 17, 2012 and transferred the mortgage to Samara.  Samara subsequently foreclosed on the mortgaged property, although it is not clear from the record before the court whether the property has been sold to a third party.  *See* District Court Case, Doc. 555.

---

[5] This matter was initially referred to a senior judge.  Because of his illness and ultimately taking of inactive senior status, the case was reassigned to this judge.

## II.  DISCUSSION

### A.  Strickland & Davis' Notice of Appeal

As an initial matter, the court notes that the notice of appeal purportedly filed on behalf of Strickland & Davis was ineffective.  Well-settled law holds that a court lacks jurisdiction over a notice of appeal filed on behalf of a corporation by someone other than an attorney.  *See S.E.C. v. Merch. Capital, LLC*, 486 F. App'x 93, 94 (11th Cir. 2012) (court lacked jurisdiction over appeal by corporation where notice of appeal signed by corporate officer and not attorney); *Cook v. Trinity Universal Ins. Co. of Kansas*, 297 F. App'x 911, 912 (11th Cir. 2008) (same).

Because Strickland & Davis' notice of appeal was signed by Roy Davis, who is not a licensed attorney, this court lacks jurisdiction over the appeal by Strickland & Davis.  The court, therefore, must dismiss the appeal.

### B.  Timeliness of Remaining Notices of Appeal

The court must also address whether the remaining notices of appeal were timely.  If they were not, this court must dismiss the appeals for lack of jurisdiction.  *Williams v. EMC Mortgage Corp.* (*In re Williams*), 216 F.3d 1295, 1298 (11th Cir. 2000).  Federal Rule of Bankruptcy Procedure 8001 provides in pertinent part:

> An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002.  . . .  The notice of appeal shall (1) conform substantially to the appropriate Official Form . . . .

Rule 8002, in turn, states that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."

7

Where a deficient notice of appeal is filed prior to the filing deadline and the deficiency is not corrected within the requisite time for filing, the notice is generally considered untimely. *See Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586, 590 (5th Cir. 2009); *In re Taylor*, 98 CIV. 9205 (DC), 1999 WL 777955, at *3-4 (S.D.N.Y. Sept. 30, 1999).

In this case, Roy Davis, purporting to act on behalf of himself and Strickland & Davis, filed a pro se motion for leave to appeal on May 10, 2012 but did not file a notice of appeal using the appropriate Official Form 17 pursuant to the Rules of Bankruptcy Procedure. The motion also lacked an appropriate certificate of service. The bankruptcy court issued an order on May 11, 2012 notifying Davis of the deficiencies and stating that "[i]f the deficiency is not corrected within 14 days of the date of the entry of this order, the pleading shall be dismissed." Bankruptcy Court Case, Doc. 157. The bankruptcy court's order gave Davis until May 25, 2012 to correct the deficiencies. However, not until May 29, 2012 did Davis and the remaining individual Appellants file Official Form 17 notices of appeal with the bankruptcy court.

The notices of appeal filed by Appellants Voncile Davis, Cindy Taylor, and Melissa Terrell are untimely under Rule 8002 because they were filed for the first time a full 28 days after the order approving the Trustee's Final Report, which was issued on May 1, 2012. This court, therefore, lacks jurisdiction over the appeals filed by Voncile Davis, Cindy Taylor, and Melissa Terrell, and they must be dismissed.

Roy Davis' appeal is also untimely. Davis' initial filing, which he styled a "Motion for a Notice of Appeal under Rule 8003(c)," which was filed within the appropriate appeal period, did not conform substantially to the appropriate Official Form pursuant to Rule 8001. That fact, by itself, may not have warranted dismissal of the appeal. However, the day after Davis filed his

8

motion, the bankruptcy court issued an order notifying Davis of the deficiencies and giving him a firm time limit – 14 days – within which to correct the deficiencies and file an appropriate notice of appeal.  He failed to comply with that order because he did not file an appropriate notice of appeal until 18 days later.  Under the terms of the bankruptcy court's order, his deficient filing – the "motion for a notice of appeal" – was due to be dismissed.  Because Davis failed to file a sufficient notice of appeal within the time period specified by the Rules and the bankruptcy court's order, this court lacks jurisdiction over his appeal, and must dismiss it.

**B. Standing**

Even if Davis' notice of appeal were sufficient and timely, he does not have standing to appeal the bankruptcy court's orders.  If a party lacks standing, the case must be dismissed for lack of jurisdiction.  *Paragon Mgmt., L.L.C. v. Slaughter*, 437 F. Supp. 2d 1267, 1272 (N.D. Ala. 2006).  Only a "person aggrieved" has standing to appeal a bankruptcy court order.  *Westwood Cmty. Two Ass'n, Inc. v. Barbee* (*In re Westwood Cmty. Two Ass'n, Inc.*), 293 F.3d 1332, 1335 (11th Cir. 2002).  "Bankruptcy's person aggrieved doctrine restricts standing more than Article III standing, as it allows a person to appeal only when they are directly and adversely affected pecuniarily by the order." *Id.* (internal citation and quotations omitted).  A "person aggrieved" must have a financial stake in a bankruptcy court order such that the order must "diminish[] their property, increase[] their burdens or impair[] their rights." *Id.* (internal citation and quotations omitted); *see also Heatherwood Holdings, LLC v. HGC, Inc.* (*In re Heatherwood Holdings, LLC*), 746 F.3d 1206, 1216 (11th Cir. 2014).

Davis has no financial stake in the bankruptcy court's orders denying a motion for stay pending appeal and approving the Trustee's Final Report.  Davis is neither the debtor nor a

9

creditor in the bankruptcy case. Although Davis originally paid the funds into the district court registry and assigned his mortgage to the district court, he did that pursuant to orders of the district court to satisfy a judgment. The bankruptcy court orders at issue in this case had no bearing on whether Davis had to turn over those assets. Thus, the bankruptcy court's orders in this case did not diminish Davis' property, increase his burdens, or impair his rights in any way. The court, therefore, dismisses Davis' appeal for lack of jurisdiction.[6]

## C. Mootness

The court also finds that this appeal is moot given that the Trustee has already disposed of the property at issue in the Trustee's Final Report by (1) transferring the mortgage to Samara, which subsequently foreclosed on the property, and (2) disbursing the registry funds to Samara.

---

[6] Although the bankruptcy court's order denying a stay pending appeal was included in the notices of appeal, unlike the order approving the Trustee's Final Report, the order denying the motion for a stay is not a final order under 28 U.S.C. § 158(a) and, therefore, would only be appealable with leave of court. *See In re Frees*, 78 F.3d 578 (4th Cir. 1996) (bankruptcy court order denying stay pending appeal not a final order); *In re Morse Int'l, Inc.*, 817 F.2d 105 (6th Cir. 1987) (same). *Cf. In re Kristan*, BAP EP 08-041, 2008 WL 8664765 (B.A.P. 1st Cir. Dec. 15, 2008) (order approving trustee's final report is generally a final, appealable order).

    Although the court need not decide the issue given its disposition of this appeal, it would not likely grant leave to appeal the order denying a stay in this case because it does not present a controlling question of law over which there is a substantial ground for difference of opinion among courts. *See Laurent v. Herkert*, 196 F. App'x 771, 772 (11th Cir. 2006) (noting that the standard for granting leave to appeal under § 158(a) is the same as that under 28 U.S.C. § 1292(b), and a party must demonstrate that an order (1) presents a controlling question of law; (2) over which there is substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation).

10

**1. Mootness Due to Foreclosure**

The Eleventh Circuit has repeatedly held that "where a debtor fails to obtain a stay pending appeal of an adverse bankruptcy court order and the creditor subsequently conducts a foreclosure sale, the court . . . is powerless to grant relief, and the appeal must be dismissed as moot." *Hope v. Gen. Fin. Corp. of Ga.* (*In re Kahihikolo*), 807 F.2d 1540, 1542 (11th Cir. 1987); *see also Miami Ctr. Ltd. P'ship v. Bank of New York*, 838 F.2d 1547, 1553 (11th Cir. 1988) ("'when the debtor fails to obtain a stay pending appeal of the bankruptcy court's order setting aside an automatic stay and allowing a creditor to foreclose on property, the subsequent foreclosure and sale of the property renders moot any appeal'") (quoting *Gwinnett Bank & Trust Co. v. Matos* (*In re Matos*), 790 F.2d 864, 865-66 (11th Cir. 1986)).[7]

This mootness rule is "'premised upon considerations of finality, protection of the integrity of the foreclosure sale process, and the court's inability to rescind the sale and grant relief on appeal even if the purchaser of the property is a party to the appeal.'" *Miami Ctr.*, 838 F.2d at 1553-54 (quoting *Matos*, 790 F.2d at 865-66).

---

[7] This mootness doctrine originated in former Rule 805 of the Bankruptcy Code, which stated that unless an order approving a sale or issuing a certificate of indebtedness was stayed pending appeal, a good faith purchaser's rights would not be affected by a reversal or modification of the order on appeal. *See Miami Ctr.*, 838 F.2d at 1550. Although the rule has been removed from the Code, the doctrine has continued to survive and evolve in the case law. *See id.* A similar provision also appears in 11 U.S.C. § 363(m) of the Bankruptcy Code, although the Eleventh Circuit has specifically stated that this mootness doctrine is not limited to the transactions covered by that subsection. *Id.* at 1553-54.

11

Further, the Eleventh Circuit has recognized the continued applicability of the mootness standard even in situations that do not involve (1) transfers by a trustee pursuant to 11 U.S.C. § 363(b) or (c),[8] or (2) sales to third party purchasers (i.e., the mortgagor/creditor owns the property). *Miami Ctr.*, 838 F.2d at 1553-54.

The bankruptcy court's order approving the Trustee's Final Report allowed the Trustee to transfer and assign the mortgage to Samara because the debtor failed to obtain a stay of the turnover pending appeal of the bankruptcy court's orders. None of the Appellants filed a motion for a stay pending appeal of the order approving the Trustee's Final Report.[9]

Because no stay pending appeal was in place, once Samara became the mortgage holder, it was free to foreclose and sell the property as it saw fit, just as if the bankruptcy court had modified the automatic stay to allow for foreclosure and sale. *See Miami Ctr.*, 838 F.2d at 1553-54 (recognizing the applicability of the mootness doctrine in situations other than those involving a transfer by a trustee). Moreover, it does not matter for purposes of this mootness analysis whether Samara sold the property to a third part or bought the property itself. *See*

---

[8] Subsection (b) generally allows the trustee, after notice and a hearing, to use, sell, or lease property of the estate, other than in the ordinary course of business. Subsection (c) provides that "[i]f the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or hearing, and may use property of the estate in the ordinary course of business without notice or a hearing."

[9] Davis' motion to stay the bankruptcy proceeding generally was filed and denied on April 30, 2012, *before* the bankruptcy court issued the order approving the Trustee's Final Report on May 1, 2012.

12

*Miami Ctr.*, 838 F.2d at 1553-54 (rejecting the argument that the mootness rule has no applicability when there is no transfer to a third party).

Based on the relevant Eleventh Circuit precedent and considerations of finality, this court cannot disturb the transfer to Samara by the Trustee and Samara's subsequent foreclosure. The court therefore must dismiss the motion for leave to appeal as moot with respect to the mortgage.

### 2. Equitable Mootness

The court will also analyze whether the appeal of the bankruptcy court's orders is equitably moot. Equitable mootness, a concept primarily applied in the bankruptcy context, "is 'a pragmatic principle grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable.'" *AVCO Corp. v. Citation Corp.* (*In re Citation Corp.*), 371 B.R. 518, 522 (N.D. Ala. 2007) (quoting *MAC Panel Co. v. Va. Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002)). To decide whether an appeal is equitably moot, a court "must determine whether the 'reorganization plan has been so substantially consummated that effective relief is no longer available.'" *First Union Realty Estate Equity & Mortgage Investments* (*In re Club Associates*), 956 F.2d 1065, 1069 (11th Cir. 1992) (quoting *Miami Center Ltd. Partnership v. Bank of New York*, 820 F.2d 376, 379 (11th Cir. 1987)).

Substantial consummation by itself is not dispositive, however, and a court must consider all relevant circumstances to decide whether it can grant effective relief, including whether a stay pending appeal has been obtained, what type of relief the appellant seeks, and what effect

granting that relief would have on third parties not before the court. *In re Club Associates*, 956 F.2d at 1069.  The court is charged with "striking the proper balance between the equitable considerations of finality and good faith reliance on a judgment and the competing interests that underlie the right of a party to seek review of a bankruptcy court order adversely affecting him." *Id.*

Although the equitable mootness doctrine is most commonly applied in Chapter 11 cases, courts have also applied it in Chapter 7 cases where the trustee has already disbursed funds to creditors. *See, e.g., Pequeno v. Schmidt* (*In re Pequeno*), 246 F. App'x 274, 275 (5th Cir. 2007); *Drawbridge Special Opportunities Fund, L.P. v. Shawnee Hills, Inc.* (*In re Shawnee Hills, Inc.*), 125 F. App'x 466, 470 (4th Cir. 2005); *Carr v. King* (*In re Carr*), 321 B.R. 702, 708 (E.D. Va. 2005); *E. Co. v. Whirlpool Corp.* (*In re E. Co.*), 148 B.R. 367, 369 (D. Mass. 1992).  As the court recognized in *Eastern Company*, the equitable mootness doctrine is based on "important public policy favoring orderly organization and settlement of debtor estates by affording finality to the judgments of the bankruptcy court," a principle that is just as relevant in a Chapter 7 as it is in a Chapter 11.[10]  148 B.R. at 369 (internal quotations and citations omitted).

In this case, Appellants did not file a motion for a stay pending appeal of the order approving the Trustee's Final Report in the bankruptcy court or in this court.  The Trustee's approved distribution plan in the bankruptcy case has not only been substantially consummated –

---

[10] Although some courts have questioned the applicability of equitable mootness in the Chapter 7 context, *see In re C.W. Mining Co.*, 641 F.3d 1235, 1239-40 (10th Cir. 2011), the court could find no decisions actually holding that it should not be applied in a Chapter 7.

14

it has been fully completed.  *See Carr*, 321 B.R. at 708.  All of the Trustee's planned transfers and distributions were made more than two years ago.

Any relief the Appellants could receive in this appeal would have the effect of frustrating the orderly Chapter 7 liquidation process in this case and in future similar cases.  Samara is not a party to this appeal and therefore cannot be directly ordered to return the funds and the mortgage.  The only relief Appellants could seek here – recovering from the Trustee – would result in further litigation because the Trustee would then have to recover the property from Samara.  Permitting such relief would undermine creditor confidence in the finality of bankruptcy court orders and the general Bankruptcy Code goal of minimizing injury to creditors.  *LTV Steel Co. v. Bricker* (*In re LTV Steel Co.*), 560 F.2d 449, 454 (6th Cir. 2009).  It would also dissuade trustees from distributing funds while appeals are pending even if no stay has been obtained, a result that is diametrically opposed to the goals of Chapter 7.  *See Carr*, 321 B.R. at 708.[11]

Based on the relevant precedent and given the comprehensive change in circumstances that has occurred since the bankruptcy court issued its orders, this court finds that it would be impractical, imprudent, and inequitable to reverse the bankruptcy court's orders, and this appeal, therefore, is equitably moot.[12]

---

[11]  The court also notes that the property at issue in the turnover orders was originally awarded to Samara by the district court almost ten years ago, in 2004, and Appellants' multiple appeals regarding these awards in the District Court Case have been unsuccessful.

[12]  This appeal may also be constitutionally moot, as it is not clear that the court could fashion some form of meaningful relief given that Samara is not a party to the appeal.  *See Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (even where "a court may not

15

## III. CONCLUSION

For the above reasons, this court lacks jurisdiction over this appeal, and the motion for leave to appeal (Doc. 1) is due to be DISMISSED.  The court will issue an order consistent with this memorandum opinion.

DONE and ORDERED this 18th day of June, 2014.

*[signature: Karon O. Bowdre]*
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

---

be able to return the parties to the *status quo ante*," an appeal is not [constitutionally] moot where "a court can fashion *some* form of meaningful relief") (emphasis in original).  *Cf. United States v. Arkison* (*In re Cascade Roads, Inc.*), 34 F.3d 756, 760 (9th Cir. 1994) (case not moot where *party to appeal* could be ordered to repay).